## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Samuel Rodriguez,

                Plaintiff,

v.

Tiffany & Bosco, LP.; GreenTree
Servicing LLC; DiTech Financial LLC;
Selene Finance LLC; Fidelity; ABC
CORP; and 1-5 XYZ Partnerships,

                Defendants.

Case No. 19-cv-1279 (WMW/ECW)

**REPORT AND RECOMMENDATION**

This matter comes before the Court on its October 1, 2019 Order (Dkt. 18) directing Plaintiff Samuel Rodriguez ("Plaintiff") to file an amended complaint due to jurisdictional deficiencies. This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's Complaint be dismissed without prejudice.

On May 15, 2019, Plaintiff filed this action. (Dkt. 1.) The caption names Tiffany & Bosco, LP.; GreenTree Servicing LLC; DiTech Financial LLC; Selene Finance LLC; Fidelity; ABC CORP; and 1-5 XYZ Partnerships as Defendants. (Dkt. 1 at 1.) Plaintiff suggests that Greentree Services LLC is affiliated with or succeeded by DiTech Financial LLC (also referred to as Ditech Finance LLC) and that Selene Finance LLC (also referred to as Selene Finance LP) is affiliated with or succeeded by Fidelity and MTGLQ

Investors L.P.  (Dkt. 1 at 1-2.)  Plaintiff originally filed papers relating to the current

dispute in an earlier action filed by Plaintiff, Case No. 15-cv-3695 (D. Minn.), but U.S.

District Judge Donovan W. Frank ordered those papers stricken, informed Plaintiff that

he must file a new action, and referred him to the information available on the Court's

website regarding the commencement of a new action and self-representation.  *Rodriguez*

*v. Green Tree Servicing LLC*, Case No. 15-3695, Dkt. 26 (D. Minn. May 15, 2019).

On May 24, 2019, the Court issued an Order in this action granting Plaintiff's

Application to Proceed in District Court Without Prepaying Fees or Costs.  (Dkt. 11.)  In

the same Order, the Court noted jurisdictional deficiencies in Plaintiff's Complaint.  (*Id.*)

To recap, Plaintiff asserts in his Complaint that the Court has federal question and

diversity subject matter over this action for several reasons.  (Dkt. 1 at 3.)

First, Plaintiff asserts that the Court has federal question jurisdiction because

courts in this District have retained jurisdiction under Case Nos. 15-cv-2064 (D. Minn.)

and 15-cv-3695 (D. Minn.).  (Dkt. 1 ¶ 4.)  However, Case No. 15-cv-2064 did not involve

Plaintiff and in fact concluded that a different third party had no standing to enforce a

consent order involving the Federal Trade Commission and Green Tree Servicing LLC

with respect to the third party's mortgage and foreclosure of his property.  *Federal Trade*

*Commission v. Green Tree Servicing LLC*, Case No. 15-cv-2064, Dkt. 23 (D. Minn. Jan.

9, 2018), *R&R adopted* Dkt. 24 (D. Minn. Jan. 29, 2018).  Plaintiff does not allege any

basis for him to enforce that consent order.  In Case No. 15-cv-3695, also brought by

Plaintiff, he voluntarily dismissed his case without prejudice, and there is nothing in the

record indicating that Judge Frank retained jurisdiction over the matter.  *Rodriguez v.*

*Green Tree Servicing LLC*, Case No. 15-3695, Dkt. 26 (D. Minn. May 15, 2019).  Thus,

it appears neither of those cases provide a jurisdictional basis for this action.

Second, Plaintiff does not allege the violation of any federal law in his Complaint.

Third, as to diversity jurisdiction, Plaintiff has not properly alleged diversity

jurisdiction.  A district court also has original jurisdiction over a civil action where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  "When

jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must

set forth with specificity the citizenship of the parties."  *Barclay Square Props. v.*

*Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

Plaintiff, who asserts that he is a citizen of Arizona, bears the burden of alleging each

party's citizenship.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

Diversity of citizenship under 28 U.S.C. § 1332 requires complete diversity.  *See Exxon*

*Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  Complete diversity

"exists where no defendant holds citizenship in the same state where any plaintiff holds

citizenship."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

"When one of the parties to the action is a limited partnership, the citizenship of each

general and limited partner must be considered in determining whether complete

diversity of citizenship exists."  *Barclay Square Props.*, 893 F.2d at 969; *see also*

*Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Carden v.*

*Arkoma Assocs.*, 494 U.S. 185, 192-97 (1990).

In his Complaint, Plaintiff did not allege the citizenship of the members or

partners for any of the limited liability corporations or limited partnerships.  Further, he

did not allege Tiffany & Bosco's citizenship, although he did allege an Arizona address

for that entity.  (Dkt. 1 at 2-3.)  Accordingly, Plaintiff's allegations of subject matter

jurisdiction are defective.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or

appellate courts."  28 U.S.C. § 1653; *see also Dubach v. Weitzel*, 135 F.3d 590, 593 (8th

Cir. 1998).  The Court therefore granted Plaintiff an opportunity to file an amended

complaint that rectifies the deficiencies noted above in relation to federal question and

diversity jurisdiction, giving Plaintiff 14 days from the date of the May 24, 2019 Order to

do so.  (Dkt. 11.)  After receiving an email sent to the undersigned's chambers on June

11, 2019 stating Plaintiff had not received the May 24, 2019 Order until June 11, 2019

(Dkt. 12), the Court gave Plaintiff an additional 14 days, until June 27, 2019, to file an

amended complaint (Dkt. 13).

On July 1, 2019, Plaintiff filed a motion requesting an additional 90 days to file an

amended complaint that was received by the Court on due to ill health and difficulties in

obtaining information about the citizenship of the members and partners of Defendants.

(*See, e.g.*, Dkt. 14.)  In that document, Plaintiff also requested permission to file medical

information under seal and that the Court "reaffirm" a stipulated restraining order.  (*Id.* at

2.)  Plaintiff argues that Judge Frank accepted jurisdiction of the earlier case, "setting

precedence for acceptance of jurisdiction in this new case," and that the defendants in the

earlier action never raised subject matter jurisdiction as a defense.  (*Id.* at 2-3.)

The Court in its October 1, 2019 Order (Dkt. 18) found that these arguments did

not resolve the question of subject matter jurisdiction for several reasons.  First, Case No.

15-cv-3695 did not include all of the defendants as the instant case, and thus does not

answer the question (if it was raised) of whether complete diversity exists in this action.

*See OnePoint Solutions*, 486 F.3d at 346 (complete diversity "exists where no defendant

holds citizenship in the same state where any plaintiff holds citizenship").  Second, the

fact that the defendants in Case No. 15-cv-3695 did not raise subject matter jurisdiction

does not resolve the issue because "the federal courts are obligated to raise the issue of

subject-matter jurisdiction *sua sponte*."  *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d

760, 764 n.2 (8th Cir. 2001).  Third, nothing in Judge Frank's May 16, 2019 Order in

Case No. 15-cv-3695 suggests he made any determination as to whether subject matter

jurisdiction existed for Plaintiff's new claims.

Accordingly, on October 1, 2019, the Court granted "Plaintiff one last opportunity

to file an amended complaint that rectifies the deficiencies noted above in relation to

federal question and/or diversity jurisdiction.  If he fails to do so, the Court will

recommend dismissal for a lack of subject matter jurisdiction."  (Dkt. 18.)  The Court

gave Plaintiff thirty days to comply with the Order.  (*Id.*)  While Plaintiff called the

Court's chambers on or about November 1, 2019, representing that he would be filing the

amended complaint within a day or so, and emailed the Court on November 19, 2019

representing that he would be filing a response to deal with the concerns in the Court's

October 1, 2019 Order, he has not filed an amended complaint as of the date of this

Report and Recommendation.

As set forth above, "federal courts are obligated to raise the issue of subject-matter

jurisdiction *sua sponte.*" *Crawford,*  267 F.3d at 764 n.2.  Plaintiff has failed to file an

amended complaint curing the above subject matter deficiencies as required by this

Court's previous Orders (Dkts. 11, 13, 18), despite being given multiple opportunities to

file an amended complaint since May 2019.  Therefore, the Court recommends dismissal

of the Complaint (Dkt. 1) without prejudice for a lack of subject matter jurisdiction.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that Plaintiff's Complaint be dismissed without

prejudice.

DATED: December 2, 2019                          *s/ Elizabeth Cowan Wright*
                                                ELIZABETH COWAN WRIGHT
                                                United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is
therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific
written objections to a magistrate judge's proposed finding and recommendations within
14 days after being served a copy" of the Report and Recommendation.  A party may
respond to those objections within 14 days after being served a copy of the objections. D.
Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line
limits set for in D. Minn. LR 72.2(c).