UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel Rodriguez, | Case No. 19-cv-1279 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Tiffany & Bosco LP., GreenTree Servicing LLC, and Selene Finance LLC, | |
| Defendants. | |

This matter is before the Court on the December 2, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright. (Dkt. 19.) The R&R recommends dismissing Plaintiff Samuel Rodriguez's complaint for failure to establish the Court's jurisdiction over the matter, despite several opportunities to cure the complaint's jurisdictional deficiencies.

Rodriguez filed untimely objections,[1] rehashing many of the same arguments that the magistrate judge considered and rejected in the R&R and in her prior order. In his

---

[1] The R&R was issued and served on Rodriguez electronically on December 2, 2019, and Rodriguez's objections were due 14 days after service, on December 16, 2019. *See* Fed. R. Civ. P. 72(b)(2). Rodriguez filed his objections on December 20, 2019, four days after the deadline had passed. (Dkt. 22.) Defendants did not file a response to Rodriguez's untimely objections. Rodriguez maintains that he attempted unsuccessfully to file the objections on December 17, 2019. Even if the objections had been filed on December 17, 2019, they would have been untimely. Moreover, for the reasons discussed herein, Rodriguez's objections are improper. For these reasons, the Court declines to consider *de novo* the issues raised by these objections. *See, e.g.*, *Means v. District of Columbia*, 999 F. Supp. 2d 128, 133–34 (D.D.C. 2013) (finding that "a district court may exercise *de novo* review under 28 U.S.C. § 636(b)(1) if, and only if, the party has made a timely and specific objection to the magistrate's report").

objections, Rodriguez also attempts to clarify the federal question raised by the allegations in his complaint and the citizenship of each corporate defendant so as to satisfy the federal-jurisdiction or diversity-of-citizenship jurisdiction requirements. But this attempt is untimely and otherwise improper because such information must appear in the complaint, not in the brief of a plaintiff. *See, e.g.*, *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) ("The well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. (Internal quotation marks omitted.)). Rodriguez's objections demonstrate that he could have amended his complaint to attempt to cure the jurisdictional deficiencies that the magistrate judge identified for him on several occasions. Rodriguez's failure to do so warrants dismissal of his complaint. *See* Fed. R. Civ. P. 41(b) (providing that a district court may dismiss a case when "the plaintiff fails to prosecute or to comply with . . . a court order"); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) (same).

In the absence of timely objections, the Court reviews an R&R for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having found no error after carefully performing this review, the Court adopts the R&R.

Based on the foregoing analysis, the R&R, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The December 2, 2019 R&R, (Dkt. 19), is **ADOPTED**.

2. Plaintiff Samuel Rodriguez's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff Samuel Rodriguez's Motion to File Medical Information Under Seal and Motion to Reaffirm Standing Stipulated Restraining Order, (Dkt. 14), is **DENIED** as moot.

4. Plaintiff Samuel Rodriguez's Motion to Join a Necessary Party, (Dkt. 16), is **DENIED** as moot.

5. Plaintiff Samuel Rodriguez's Emergency Motion to Compel Compliance, (Dkt. 23), is **DENIED** as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 10, 2020
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge